■ FREDERICK WEBSTER, SR., et al., Appellants, v NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, Respondent. [838 NYS2d 48]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 22, 2006, which granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, with costs.

The first page of the annuity policy states that the accumulation value is not guaranteed with respect to the "Separate Account." The policy data page recites only that the guaranteed interest rate will be 3%. It does not state that an interest rate is guaranteed for each of the three investment options, the Separate Account, the "Cash Management Fixed Account" and the "Dollar Cost Averaging Program." Interest is not provided in the Separate Account. The Separate Account consists of various stock market mutual funds, an investment vehicle not typically associated with the payment of interest. Rather, the policy only provides a rate of return, based on interest, in the sections dealing with the latter two investment options. With respect to each of these two options, the policy expressly states that the interest rate will never be less than the minimum guaranteed rate set forth on the policy data page. Consistent with the first page of the policy, no such language appears in the section dealing with the Separate Account. The average purchaser thus could not expect the policy, read as a whole, to guarantee a rate of

return for investment in the Separate Account (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44, 50 [2003]). Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.